# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARISSA SILVEIRA,<br>Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>KINETIC BRANDS LLC dba CRETE,<br><br>    Defendant. | CASE NO. _____<br><br>NOTICE OF REMOVAL OF DEFENDANT KINETIC BRANDS LLC |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant, Kinetic Brands LLC ("Kinetic" or "Defendant"), expressly preserving all defenses including but not limited to defenses related to arbitration, personal jurisdiction, and proper venue, timely file this Notice of Removal, hereby removing this civil action, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-DadeCounty, Florida, entitled *Silveira v. Kinetic Brands LLC*, Case No. 21-024229-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida. A true and correct copy of the Summons and Complaint served on Kinetic is attached as **Exhibit A**. Copies of other filings in the State Court Action to date are attached as **Composite Exhibit B**.

## ORIGINAL JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) (the "Class Action Fairness Act" or "CAFA") because at least one member of the putative class is a citizen of a state different from at least one defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and there are more than 100 members in the putative class.

1

2. Plaintiff Larissa Silveira ("Plaintiff") is alleged to be a resident of the State of Florida. (First Am. Compl. ¶¶ 6. 9.) Defendant Kinetic is informed and believes that Plaintiff is a citizen of the State of Florida.

3. Defendant Kinetic is alleged to be a New York limited liability company with its principal place of business and headquarters in New York County, New York. (*Id.*, ¶ 7.)

4. Defendant Kinetic is actually a Delaware limited liability company with its principal place of business and headquarters in Passaic, New Jersey at 90 Dayton Avenue, Building 22, 2nd Floor, Passaic, NJ 07055.

5. For purposes of assessing minimal diversity under CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" (28 U.S.C. § 1332(c)(1)) and "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

6. Because the citizenship of at least one member of the putative class is diverse from the citizenship of at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied here.

7. In the First Amended Complaint, Plaintiff seeks to certify two classes defined as follows:

> No Consent Class: All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.
>
> Seller Identification Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, that did not disclose: (1) the name of the individual caller; or (2) the name of the person or entity on whose behalf the call is being made; or (3) a telephone number or address at which the person or entity may be contacted.

(First Am. Compl. ¶ 26.)

8. On behalf of the putative classes, Plaintiff seeks, among other relief, compensatory damages in the form of statutory damages under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and equitable and/or injunctive relief. Assuming, for the purposes of removal only, that the allegations in the First Amended Complaint are true, the amount in controversy exceeds $5 million, and the aggregate number of members of the putative class exceeds 100.  (*See* First Am. Compl., ¶ 28 (alleging that "Defendant has placed telephonic sales calls to telephone numbers belonging to ***thousands*** of consumers listed throughout Florida without their prior express written consent and without properly disclosing the identification of the seller/sender.").)

9. Alternatively, the Court may exercise original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this is a civil action "arising under the Constitution, laws, or treaties of the United States." Specifically, Plaintiff's Complaint purports to assert a claim under the TCPA and seeks monetary and injunctive relief for the alleged TCPA violations. (*See* First Am. Compl., ¶¶ 45-52.)

10. Because Plaintiff's TCPA claim is a claim "arising under the . . . laws . . . of the United States," this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Therefore, removal is appropriate on this independent and alternative ground.

## VENUE AND PROCEDURE

11. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days of service of the Complaint on Defendant. Kinetic was served with the Summons and First Amended Complaint on January 6, 2022. (*See* **Comp. Ex. B**.)

12. As of the date of removal, Kinetic has not filed a responsive pleading to the First Amended Complaint.

13. Pursuant to 28 U.S.C. § 1441(a), this is the appropriate Court to receive this Notice of Removal, as the State Court Action is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Broward County, Florida, which is within the Southern District of Florida. Therefore, this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(a), Kinetic attaches true and correct copies of all Pleadings and other documents filed in the State Court Action as **Composite Exhibit B**.

15. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal filed with the state court is attached hereto as **Exhibit C.**

16. In light of the foregoing, removal of this case to the United States District Court for the Southern District of Florida is proper.

17. In filing this Notice of Removal, Kinetic does not waive, and expressly preserves, any and all defenses to the First Amended Complaint, including, but not limited to, defenses of arbitration, personal jurisdiction and improper venue, and reserves the right to move the Court concerning any such defenses upon removal to this Court.

WHEREFORE, Defendant Kinetic Brands LLC respectfully notifies this Court, the state court, and Plaintiff of removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Dated: January 26, 2022.

/s/ *Irene Oria*
Irene Oria, Esq.
Fla. Bar No. 484570
**FISHERBROYLES LLP**
199 E. Flagler St. #550
Miami, FL 33131
Tel.: (305) 536-2838
Facsimile: (305) 536-2838
Email: irene.oria@fisherbroyles.com

***Counsel for Defendant***
***Kinectic Brands LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

/s/ Irene Oria
Irene Oria, Esq.

## SERVICE LIST

Andrew J. Shamis, Esq.
Garrett O. Berg, Esq.
**SHAMIS & GENTILE P.A.**
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Email: ashamis@shamisgentile.com;
gberg@shamisgentile.com
Tel: (305) 479-2299
*Counsel for Plaintiff*

Scott Edelsberg, Esq.
**EDELSBERG LAW P.A**.
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Email: scott@edelsberglaw.com
Tel: (305) 975-3320
*Counsel for Plaintiff*